UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

MARCIA LEWIS OLSON                    CIVIL ACTION NO. 10-1715

VERSUS                                U.S. DISTRICT JUDGE DRELL

WILLIAM H. LEWIS, et al
                                      U.S. MAGISTRATE JUDGE KIRK


REPORT AND RECOMMENDATION

Before the court is plaintiffs' motion to remand, **Doc. #15,** referred to me by the district judge for report and recommendation.

This suit is a derivative shareholders suit filed by plaintiff, a resident of Louisiana, against the majority shareholder, her brother, William H. "Buddy" Lewis, the president of the company, Wesley Higgins (stepson of Buddy Lewis), and two board members. Ths suit also names the company, Sports Design and Development, Inc., (SDD) a Louisiana corporation, as a nominal defendant as is required by Louisiana law (LSA-C.C.P. Art. 615).

The petition, filed in Rapides Parish, alleges that SDD is a corporation set up to produce, market, distribute and sell the Rat-L-Trap© fishing lure invented by the father of plaintiff and Buddy Lewis, Bill Lewis. Buddy Lewis was the majority shareholder, owning 58% of the outstanding shares, with plaintiff owning the remaining 42%. Buddy Lewis was the elected or defacto president. The suit alleges that during their father's life, the corporation ran smoothly and profitably. However, it is alleged, in the early

2000's, Buddy Lewis embarked on a scheme to raid the corporation for his own benefit and to freeze out his sister so that her share of SDD would become worthless. The suit alleges that Lewis diverted money and property, including corporate opportunities, from SDD to a corporation secretly formed by him, Biosonix, LLC (Biosonix). The suit alleges that Biosonix is the company that received most of the benefits and is solely owned by Lewis.

The lawsuit also claims that Lewis utilized SDD money and employees and other resources to develop a product, Biosonix, and that he obtained patent rights to the new product. He then signed a licensing agreement giving SDD the exclusive rights to manufacture, market and sell the product in exchange for an annual payment by SDD to Biosonix of $100,000. In addition it is alleged that SDD was required to pay for all of the development, production and marketing of the product.

When plaintiff objected, the suit alleges that Lewis signed another agreement, a sales representation agreement, to allow Biosonix to manage all of the sales activities of SDD, in exchange for an additional payment by SDD of $300,000 per year and half of all costs and expenses for promotional events. The suit alleges that the board did not approve these transactions and their only effect was  to drain money out of SDD and into Biosonix, solely owned by Lewis.

Plaintiff also claims that, upon learning of the agreements in 2009, it was apparent that the only remaining assets of SDD with

any value were the immovable property on Highway 28[1] and the patents and trademarks. At that time, it is alleged that Lewis secured a mortgage in his favor on the property for no consideration. In addition, in early 2009, Lewis signed security agreements in his favor on the trademarks and patents owned by SDD. The suit also alleges that Lewis drained $1,400,000 from the company, used SDD personnel for his Biosonix company without payment to SDD, and has drawn a salary without performing services for SDD since December 2008. The suit alleges that SDD has paid for his Recreational Vehicle (RV) and for its storage. His actions caused the reduction in employees from 100 to 28 and caused the foreclosure on the Highway 28 property costing the company $1,300,000 and a deficiency of $415,000. The suit alleges that the company cannot now obtain new capital because of Lewis' actions. Finally the suit alleges that Lewis lost the Wal-Mart account and fired plaintiff's husband who had been responsible for SDD's distribution network, causing a significant impact to the plaintiff's income.

The suit seeks cancellation of the mortgage on the Highway 28 property and the encumbrances on the patents and trademarks, return of all monies spent from Lewis and Biosonix, return of all salaries and consulting fees not earned, a declaration that alleged debts to Lewis by SDD are null and unenforceable, repayment for the costs

---

[1] Other pleadings show that the property is actually located on John Eskew Drive, and is not the Highway 28 property which is not owned by SDD.

related to the RV and personal expenses and injunctive relief.

By amending petition, filed in state court, plaintiff claims that Lewis organized a Delaware company called "Bill Lewis Rat-L-Trap, LLC" in 2008 "specifically to acquire the intellectual property rights of SDD to the detriment of Plaintiff, and the use of the name constitutes an infringement on the proprietary rights of SDD". The amendment also alleges that Lewis' resignation as president of SDD was for the purpose of distancing himself from his plan to secure security interests in the land and the intellectual property of SDD. The amendment claims that Biosonix is the alter ego of Lewis and seeks an order that he be prohibited from using the name "Bill Lewis Rat-L-Trap" in his LLC because it constitutes a trade name which was improperly usurped from SDD. The amendment specifically pleads fraud on the part of Lewis.

Following the filing by plaintiff of the amending petition on November 5, 2010, defendants Lewis and Biosonix removed the case to this court on November 11, 2010 on the basis of federal question jurisdiction under 15 U.S.C. §1121 and under 1051 *et seq*. Defendants filed an amended notice of removal on December 13, 2010. In the amending notice, defendants claim that plaintiff is requesting the cancellation of the trademarks and that federal courts have exclusive jurisdiction regarding rights to registration of a trademark or cancellation of registrations under 15 U. S. C. §1119. The amending notice also asks the court to realign the parties so that complete diversity of citizenship will exist,

4

arguing that defendants SDD, Higgins, Bombard and Gill, all residents of Louisiana, are adverse to Lewis and Biosonix based on the pleadings they filed[2].

Plaintiff filed the instant motion for remand asserting that she is claiming no relief under federal law, that she is master of her claim and that she expressly sued under Louisiana law.

Federal Question Jurisdiction

The well-pleaded complaint

Federal law provides that the party who brings suit is master of what law is invoked. See The Fair v. Kohler Die & Specialty Co., 33 S. Ct. 410 (1913). The well-pleaded complaint doctrine provides that federal question jurisdiction exists only when "there appears on the face of the complaint some substantial disputed question of federal law."  See Carpenter v. Wichita Falls Independent School District, 44 F.3d 362 (5th Cir. 1995).  Whether federal question jurisdiction exists in a removed case is based on the allegations of plaintiff's "well-pleaded complaint."  Caterpillar, Inc. v. Williams, 107 S. Ct. 2425 (1987).  This rule requires that the federal question be evident from the complaint and not arise from any defense the defendant might raise to defeat the cause of action. Therefore, "even though a federal claim is available to a plaintiff, if a plaintiff chooses not to assert that federal claim, then the defendant cannot remove the claim to federal court on the

---

[2] Lewis is a resident of Florida and Biosonix is a Delaware limited liability company, according to the allegations of the original petition.

basis of a possible asserted claim."   See Carpenter, supra.

Jurisdiction of a federal court extends only to those cases in which a well-pleaded complaint establishes either that a federal law created the cause of action,  or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.   Christianson v. Colt Indus., 108 S.Ct. 2166 (1988).

There are, however,  exceptions to the well-pleaded complaint rule. One exception is the artful pleading doctrine which applies where a plaintiff purposefully obfuscates the federal question and artfully pleads what should be a federal claim in state law terms solely to defeat removal.  Another exception to the well-pleaded complaint rule applies where there exists complete preemption by federal law. Caterpillar, 107 S.Ct. at 2430. A complaint creates federal question jurisdiction when it states a claim created by the Constitution or laws of the United States or where it states a cause of action created by state law and a substantial federal question is an essential element necessary to decide the case. Howery v. Allstate Ins. Co., 243 F.3d 912 (5th Cir. 2001).

Analysis

Basis for Removal and Timeliness

The original petition was filed in state court on July 16, 2010. It is not known when the amending petition was filed because there is no date stamp on the court's copy of the pleading. However, it is dated November 4, 2010. The initial notice of

6

removal was filed on November 11, 2010, and so is necessarily within the 30 day window allowed by 28 U.S.C. 1446(b). That Notice set forth as the basis for removal federal trademark law, specifically 15 U.S.C. 1121 and, generically, 15 U.S.C. 1051 *et seq.* which encompasses most if not all of the other federal trademark statutes in existence. That basis for removal will be discussed below.

The amending Notice of Removal was filed on December 13, 2010 (after the motion to remand had been filed on November 28, 2010) and recites that it is timely because it was filed within 30 days of the original Notice. It adds additional grounds for removal, namely that plaintiff has specifically requested cancellation of the encumbrances affecting the trademarks and that federal courts have jurisdiction over actions to determine the rights of registration or cancellation of trademarks under 15 U.S.C. 1119. It also seeks to invoke diversity jurisdiction by suggesting that the parties should be realigned with SDD, Higgins, Bombard, and Gill (all Louisiana residents) as plaintiffs.

Defendants' assertion that the amending Notice is timely because filed within 30 days of the original Notice is incorrect. The principles set forth by the Fifth Circuit in <u>Board of Regents v. Nippon</u>, 478 F.3d 274 (5th Cir. 2007)make clear that the notice of removal must be filed within 30 days of receipt of the pleading showing that the case is removable. The court specifically rejected the suggestion there that the amending Notice may be filed within

30 days of the filing of the first Notice.

In this case, while our records do not reflect when service of the amending petition was made on defendants, defendants admit to having received it on November 8, 2010. They certainly had received it by November 11, 2010, the day they filed the first Notice of Removal. Since the amending Notice was not filed until December 13, 2010, it is untimely, having not been filed within 30 days of receipt of the amending petition. For this reason, the grounds set forth in the amending Notice will not be considered by the court and only those grounds set forth in the original Notice will be considered.[3]

Consent to removal

Defendants Lewis and Biosonix allege in the notice of removal that the remaining defendants, SDD, Higgins, Bombard and Gill "do not consent to removal". However they argue that consent is not required because the amending petition presents "separate and independent claims" under 28 U. S. C. §1441(c).

All then served, properly joined defendants must ordinarily join in the removal petition under 28 U.S.C. §1446 as it has been interpreted. See Johnson v. Helmerich & Payne, Inc., 892 F.2d 422

---

[3] The grounds set forth in the amending Notice would have been unavailing in any event. First, plaintiffs have not requested cancellation of the trademarks–only that SDD's property be returned to it. Plaintiffs do not seek to determine at this time rights to registration of trademarks. Second, while the court always has a duty to realign parties according to their true interests, there is no basis for doing so here. All defendants are adverse to the plaintiff as shown by their pleadings and plaintiff has sought injunctive relief against all defendants. None of the defendants has the same ultimate interests as plaintiff. See Griffin v. Lee, 621 F.3d 380 (5th Cir. 2010), citing Lowe v. Ingalls Shipbuilding, 723 F.2d 1173, 1178 (5th Cir. 1984).

(5th Cir. 1990) and <u>Getty Oil Corp. v. INA</u>, 841 F.2d 1254 (5th Cir. 1988). An exception to the general rule applies under §1441(c) where the claims are separate and independent.[4] In such case, only the defendants to the separate and independent claim are required to consent to the removal.  <u>Rembrandt, Inc. v. Phillips Const. Co., Inc.</u>, 500 F. Supp. 108 (S. D. Ga. 1980).

In this case, the claims against Lewis and Biosonix are not separate and independent. Rather this is a shareholders' derivative action against all defendants. This is not a trademark suit. There are no federal claims against Lewis and Biosonix which are separate from the state law claims against all defendants. All of the claims, including the claims for injunctive relief against all defendants, arise out of a common nucleus of operative fact and are not separable. Therefore consent is required of all defendants to the removal. Because Higgins, Bombard and Gill expressly did not join in the removal, the removal is defective and remand is appropriate[5].

<u>The trademark argument</u>

Defendants' basis for removal in the original Notice (the only one being considered), as noted above, is that the amending petition, for the first time, set forth claims under federal trademark law, namely 15 U.S.C 1121 and 1051 *et seq*. Defendants

---

[4] Other exceptions include cases where fraudulently named defendants are present, nominal parties, and, of course, defendants who have not yet been served.

[5] SDD is a nominal party whose consent was not required.

Lewis and Biosonix allege that the amending petition alleges that Bill Lewis Rat-L-Trap, LLC was formed to unlawfully acquire intellectual property rights owned by SDD, that Lewis is unlawfully using those rights, that Lewis's actions constitute trademark infringement, and that Lewis should be ordered not to use the name because it constitutes a trade name. On this basis defendants suggest that the case is now a trademark case and is thus removable.

Defendants have not pointed out where in the petition plaintiff has claimed trademark infringement, although clearly they seek a return of all property, including intellectual property to SDD.

Further, a review of the original petition reveals that, with the exception of specifically naming the new LLC, Bill Lewis Rat-L-Trap, LLC, the allegations that Lewis and Biosonix had unlawfully taken the intellectual property rights of SDD had all been made in the original petition. In paragraph 19, plaintiff claimed that Lewis had taken security interests in the trademarks and patents belonging to SDD. In paragraph 37 plaintiff claimed that Lewis usurped the patents and trademarks. Other paragraphs mention the security interests as well.

Therefore, there is nothing that the amending petition added, other than the name of Bill Lewis Rat-L-Trap, LLC to the claims regarding trademarks. To the extent that the amending petition presents a trademark case governed by federal law, the original

petition had already done so. Thus any notice of removal on that basis had to have been filed no later than 30 days after service of the original petition. The original petition was filed on July 16, 2010 and served on September 20, 2010. Because the removal was not filed until November 11, 2010, it comes too late and is untimely.

All defendants failed to join in or consent to the removal. In addition federal jurisdiction based on trademark law should have been alleged within 30 days of service of the original petition and was not; thus, that basis for jurisdiction–which is the only basis set forth in the notice of removal–is untimely.

Therefore, IT IS RECOMMENDED that the motion to remand be GRANTED and this case be REMANDED to the 9th Judicial District Court, Rapides Parish, Louisiana.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing.  Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 7th  day of January, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE